IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RONNIE LEE HAMMONDS, et al.,**

    **Plaintiffs,**

v.                                                                          Case No. 3:18-cv-01412

**WESTERN REGIONAL JAIL AUTHORITY;**
**CAPTAIN ALDRAGE;**
**CAPTAIN SAVILLA; and**
**ANY C.O. that has worked in A5 Section,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER

    Nineteen prisoners at the Western Regional Jail in Barboursville, West Virginia have jointly filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants are violating the Eighth Amendment to the United States Constitution by subjecting the prisoners to inhumane living conditions at the Jail; including, being exposed to human waste without cleaning supplies and basic toiletry items; being left without clothing for days and weeks; being denied bedding; and being denied medical treatment, exercise, and recreation. Plaintiffs request prospective injunctive relief and monetary damages.

    Although the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, at least one circuit has determined that the Prison Litigation Reform Act ("PLRA") bars such joinders. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that PRLA requirement of a separate filing fee for each prisoner

1

prevents prisoners from joining claims under Fed. R. Civ. P. 20). "Even in light of more flexible holdings in other circuits regarding the permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in [the Fourth Circuit] have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action." *Griffin v. Nettles,* No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *also Galeas v. United States*, No. 5:14-CT-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis,* No. 5:13–CV–21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); *Watterson v. Terrell,* No. 1:10CV184–RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (finding that multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."); *Greene v. Phipps,* No. 7:09-cv-00100, 2009 WL 3055232, at *6 (W.D. Va. Sept. 24, 2009) (citing to the conclusion in *Hubbard* that by joining parties and claims in one case, prisoners seek to bypass the PLRA's three-strikes provision and filing fee requirement).

In addition to the courts' disinclination to allow multiple prisoners to join in one § 1983 complaint, the law is well-settled that "it is plain error for a pro se inmate to represent other inmates in a class action," *Fowler v. Lee,* 18 Fed. Appx. 164, 165 (4th Cir. 2001). Moreover, while the living conditions about which the plaintiffs complain are collectively described as inhumane, it is clear from the Complaint that the plaintiffs have been exposed to different circumstances and various levels of alleged harm at different times, involving different transactions with different defendants, and resulting in

different injuries. Consequently, joinder is not appropriate for the additional reason that each plaintiff's claim will require individualized determinations. *See Griffin,* 2018 WL 4701293, at *1. Accordingly, the claims of the plaintiffs must be separated into discreet civil actions and must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

**Therefore, the Clerk of Court is directed as follows**:

This civil action, 3:18-cv-01412, shall pertain only to Plaintiff Ronnie Lee Hammonds and shall be styled Ronnie Lee Hammonds v. Western Regional Jail Authority; Captain Aldrage; Captain Savilla; and any C.O. that has worked in A5 section. The Clerk is **ORDERED** to open a new civil action for each of the following plaintiffs, listing the same defendants as those named above:

1. Kevin Esque
2. Kenith Hall
3. Cody Villalobos
4. Derreck Hatfield
5. Clyde F. Chafin, III
6. Kelly J. Snyder
7. Jeremy D. Bartram
8. Samuel W. Stout
9. Bobby Allen
10. Joshua Snyder
11. Jace Wiblin
12. Matthew Canterbury
13. Allen Wilks
14. Richard Daniels

15. Joshua Elkins

16. Timothy Ward

17. Rusty Johnson

18. Rodney Salmons

Once the new civil actions are open, the eighteen listed Plaintiffs shall be terminated as parties in this action. In each newly-opened actions, this Order shall be docketed, followed by the Complaint filed herein, and the Standing Order in Re Assignment of Magistrate Judges. Upon the opening and docketing of the new cases, the undersigned will conduct a preliminary review of each case.

The Clerk is directed to provide a copy of this Order to all of the plaintiffs.

**ENTERED:** November 15, 2018

Cheryl A. Eifert
United States Magistrate Judge

4